FILED
CLERK, U.S. DISTRICT COURT
2/24/21
CENTRAL DISTRICT OF CALIFORNIA
BY: WH DEPUTY

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 1. Second Amended Notice of Appeal from a Judgment or Order of a United States District Court

Name of U.S. District Court: Central District of California Southern Division

U.S. District Court case number: 8:20-cv-00796-PSG-DFM

Date case was first filed in U.S. District Court: 04/24/2020

Date of judgment or order you are appealing: 02/02/2021 & 02/16/2021

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

◉ Yes ○ No ○ IFP was granted by U.S. District Court

---

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Dr. AHMAD J. ALJINDI

Is this a cross-appeal? ○ Yes ◉ No

If Yes, what is the first appeal case number?

Was there a previous appeal in this case? ◉ Yes ○ No

If Yes, what is the prior appeal case number? 20-55688

Your mailing address:

PO Box 60753

City: Irvine State: CA Zip Code: 92602

Prisoner Inmate or A Number (if applicable):

**Signature** Dr. AHMAD ALJINDI **Date** 02/24/2021

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

#91 (2/8)

| | | | |
|---|---|---|---|
| Case No. | SACV 20-796 PSG (DFMx) | Date | February 2, 2021 |
| Title | Ahmad J. Aljindi v. United States of America, et al. | | |

| | |
|---|---|
| Present: The Honorable | Philip S. Gutierrez, United States District Judge |

| | |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **The Court DENIES Plaintiff's second motion for emergency summary judgment**

Before the Court is a second motion for emergency summary judgment filed by Plaintiff Dr. Ahmad J. Aljindi ("Plaintiff"). *See generally* Dkt. # 91 ("*Mot.*"). Defendants United States of America, William P. Barr, Barbara M. Barrett, Megan J. Brennan, Jim Bridenstine, Jovita Carranza, Mark T. Esper, Richard A. Grenell, James E. McPherson, Paul M. Nakasone, Robert Wilkie, and Chad F. Wolf ("Defendants") opposed. *See generally* Dkt. # 101 ("*Opp.*"). Plaintiff replied. *See generally* Dkt. # 102 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-18. Having read and considered the moving, opposing, and reply papers, the Court **DENIES** Plaintiff's motion.

The Court has already considered and denied two almost identical motions filed by Plaintiff: one for emergency relief under L.R. 77-1, which the Court construed as a motion for a temporary restraining order, *see generally* Dkt. # 12; and the other for emergency summary judgment, *see generally* Dkt. # 52.

Here, Plaintiff's motion fails for the same reasons set forth in the Court's two previous rulings: (1) he has not established irreparable injury, and therefore there is no emergency necessitating summary judgment before Defendants have answered the First Amended Complaint, *see id.* at 2; (2) he has not demonstrated a likelihood of succeeding on the merits, *see id.* at 3; and (3) Plaintiff's motion violates paragraph 6(c) of the Court's standing order, which requires the facts supporting a summary judgment motion to assist the Court in understanding the dispute, *see id.*

Further, Plaintiff's motion fails because it violates paragraph 6(c) of the Court's standing order for an additional reason—"[n]o party may file more than one motion pursuant to Fed. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-796 PSG (DFMx) | Date | February 2, 2021 |
| Title | Ahmad J. Aljindi v. United States of America, et al. | | |

Civ. P. 56, regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication, without leave from the Court." *Standing Order*, Dkt. # 8 ¶ 6(c).

Accordingly, the Court **DENIES** Plaintiff's second motion for emergency summary judgment.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-796 PSG (DFMx) | Date | February 16, 2021 |
| Title | Ahmad J. Aljindi v. United States of America, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| | |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers): The Court GRANTS Defendants' motion to dismiss**

Before the Court is a motion to dismiss filed by Defendants United States of America, William P. Barr, Barbara M. Barrett, Megan J. Brennan, Jim Bridenstine, Jovita Carranza, Mark T. Esper, Richard A. Grenell, James E. McPherson, Paul M. Nakasone, Robert Wilkie, and Chad F. Wolf ("Defendants"). *See generally* Dkt. # 100 ("*Mot.*"). Plaintiff Dr. Ahmad J. Aljindi ("Plaintiff") opposed. *See generally* Dkt. # 103 ("*Opp.*"). Defendants replied. *See generally* Dkt. # 107 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-18. Having read and considered the moving, opposing, and reply papers, the Court **GRANTS** Defendants' motion to dismiss.

On November 23, 2020, the Court granted Defendants' motion to dismiss Plaintiff's original complaint with leave to amend. *See generally* Dkt. # 82. The Court instructed that, if Plaintiff chose to file an amended complaint,

> (1) he must adequately allege all of the elements of each of his claims and the legal basis of such claims with sufficient supporting facts; (2) for his employment discrimination claim, he must plead that he administratively exhausted each instance of alleged discrimination upon which he bases his claim, and he must offer supporting facts or documentation; (3) he must allege that he administratively exhausted any claims purportedly brought under the FTCA or explain why such exhaustion was not necessary; and (4) if he intends to continue pursuing a single case against all Defendants in this action, he must allege how the claims against each of the sixteen individual federal Defendants arise out of related transactions and how common questions of law or fact exist.

*Id.* at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-796 PSG (DFMx) | Date | February 16, 2021 |
| Title | Ahmad J. Aljindi v. United States of America, et al. | | |

Here, Plaintiff did not heed the Court's instructions regarding amendment, and therefore the FAC must be dismissed. Besides being largely identical to previous filings, Plaintiff's amended complaint continues to rely on unspecified portions of thousands of pages of exhibits as the "facts" supporting his allegations. *See FAC* 6:7–20 (claiming that "[t]he aggrieved Plaintiff did exhaust the administrative process completely," referencing seventeen declarations amounting to more than 13,000 pages of documents). The Court has repeatedly warned Plaintiff that relying on unspecified portions of these documents is insufficient. *See, e.g.*, Dkt. # 82 at 3 ("Plaintiff has not cited the Court to anything in the 112 exhibits he attached to his opposition, which contain more than 10,000 pages, that substantiates any of these contentions."); Dkt. # 52 at 3 ("The Court treats Plaintiff's citation to the entirety of his evidence as no citation at all, and therefore finds that his motion is unsupported by evidence.").

Accordingly, the Court **GRANTS** Defendants' motion to dismiss the FAC. And because Plaintiff has repeatedly shown that he will not heed the Court's warnings or follow its instructions regarding the sufficiency of his claims, the Court **DENIES** leave to amend as futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). This order closes the case.

**IT IS SO ORDERED.**